IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA THOMAS,

                Plaintiff,

  v.

JASMINE BETANCOURT, LA CROSSE COUNTY,
LA CROSSE COUNTY SHERIFF'S DEPARTMENT,
CITY OF LA CROSSE, LA CROSSE POLICE
DEPARTMENT, MICHAEL ABRAHAM,
GLORIA L. DOYLE, and ELLIOTT M. LEVINE,

                Defendants.

OPINION and ORDER

25-cv-346-jdp

---

Plaintiff Joshua Thomas, proceeding without counsel, alleges that he was arrested for battery, strangulation and suffocation, and disorderly conduct without evidence. He also alleges that he was maliciously prosecuted for the latter two of those crimes, and that two judges improperly "waived [his] rights." Dkt. 1, at 2. The court has allowed Thomas to proceed without prepayment of any portion of the filing fee. Dkt. 3.

Thomas's complaint is before the court for screening. I must dismiss any portion of Thomas's complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). I must accept the factual allegations in Thomas's complaint as true and interpret his complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Thomas is not required to plead legal theories. *See Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). But he must allege enough facts to show that he is plausibly entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

I will allow Thomas to proceed only with his false-arrest claim against defendant Michael Abraham. I will not allow him to proceed with his other claims against the remaining defendants.

ALLEGATIONS OF FACT

Thomas has alleged few facts in his complaint. *See* Dkt. 1, at 2–3. Here is what I can piece together:

Thomas intervened to stop a fight between Kiara Thompson and her boyfriend; he broke them apart from each other. He also took Thompson's car key away from her because she was intoxicated.

Defendant Michael Abraham arrested Thomas for battery, strangulation and suffocation, and disorderly conduct. Thomas says that Abraham did not have any reason to charge him with these offenses.

Defendant Jasmine Betancourt, an assistant district attorney, prosecuted Thomas for strangulation and suffocation, and disorderly conduct. Thomas alleges that Betancourt was aware that Abraham did not have any evidence supporting these charges. He also alleges that Betancourt missed the statutory deadline for his preliminary hearing. Betancourt ultimately moved to dismiss the charges against Thomas, and the court granted Betancourt's motion.[1]

---

[1] The court takes judicial notice of these facts, which are available on CCAP. They are in the public record, and their accuracy cannot reasonably be questioned. *See Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); Fed. R. Evid. 201.

Thomas also alleges that defendants Gloria Doyle and Elliott Levine, La Crosse County Circuit Court judges, "waived [his] rights" outside of his presence and without his knowledge. Dkt. 1, at 3.

ANALYSIS

A. False-arrest claim

Thomas alleges that defendant Michael Abraham did not have evidence to arrest him for battery, strangulation and suffocation, and disorderly conduct. I understand Thomas to be raising a false-arrest claim under 42 U.S.C. § 1983, which provides individuals with a cause of action when state actors violate their federal rights. *See Lewis v. Downey*, 581 F.3d 467, 472–73 (7th Cir. 2009).

The Fourth Amendment prohibits unreasonable seizures. U.S. Const. amend. IV. To be reasonable, seizures generally must be supported by probable cause. *See Matz v. Klotka*, 769 F.3d 517, 522 (7th Cir. 2014). Arrests are a type of seizure. *See Torres v. Madrid*, 592 U.S. 306, 312 (2021). Consequently, individuals have a constitutional right to be free from arrest without probable cause. *See Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). I understand Thomas to contend that Abraham did not have probable cause to arrest him for these crimes.

Probable cause to arrest exists if a reasonable officer with the same knowledge as the arresting officer would have believed that the person being arrested had committed a crime. *See Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). The probable-cause standard is "not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). Police officers do not need to collect enough evidence to convict the person being arrested or even to demonstrate that it is more

3

likely than not that he committed the charged crime. *See United States v. Sawyer*, 224 F.3d 675, 679 (7th Cir. 2000). But officers need more than hunches or mere speculation. *See Abbott v. Sangamon Cnty.*, 705 F.3d 706, 714 (7th Cir. 2013); *Fox v. Hayes*, 600 F.3d 819, 833 (7th Cir. 2010).

The existence of probable cause depends on the elements of the state criminal offenses. *See Abbott*, 705 F.3d at 715. Thomas alleges that he was charged with battery, strangulation and suffocation, and disorderly conduct. *See* Wis. Stat. §§ 940.19(1), 940.235(1), 947.01(1) (2023–24). Thomas says that Abraham had no reason to charge him with these offenses; indeed, he says that Abraham conducted no investigation. *See* Dkt. 1, at 3. If true, Abraham did not have enough to support even a hunch or mere speculation, much less probable cause. Thomas has stated a claim for false arrest.

**B. Other claims**

In his complaint, Thomas names La Crosse County, the La Crosse County Sheriff's Department, the City of La Crosse, and the La Crosse Police Department as defendants. Dkt. 1, at 1. But he alleges no facts involving these defendants, so I will dismiss them.

Thomas makes allegations against the three remaining individuals: Assistant District Attorney Jasmine Betancourt, Judge Gloria Doyle, and Judge Elliott Levine. Dkt. 1, at 3.

Thomas alleges that Betancourt was aware that Abraham did not have probable cause but nevertheless prosecuted Thomas for strangulation and suffocation, and disorderly conduct. I understand Thomas to be raising a malicious prosecution claim under § 1983 for a violation of his Fourth Amendment right to be free from unreasonable seizures. But Betancourt is a prosecutor, and prosecutors have absolute immunity from malicious prosecution claims under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). So his claim against Betancourt fails.

Thomas's claims against Judge Doyle and Judge Levine fail for a similar reason: judges have absolute immunity from damages suits involving their official acts as judges. *Nowicki v. Cooper*, 56 F.3d 782, 783 (7th Cir. 1995). No amendment to Thomas's complaint would cure this issue. *See id.*

ORDER

IT IS ORDERED that:

1. Plaintiff Joshua Thomas is GRANTED leave to proceed on his false-arrest claim against defendant Michael Abraham. The remaining defendants are DISMISSED.

2. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

3. The clerk of court is directed to ensure that the United States Marshals Service serves defendant Michael Abraham with copies of Thomas's complaint, Dkt. 1, and this order. Thomas should not attempt to serve Abraham on his own at this time.

4. For the time being, Thomas must send Abraham a copy of every paper or document that he files with the court. Once Thomas learns the name of the lawyer or lawyers who will be representing Abraham, he should serve the lawyer directly rather than Abraham. The court will disregard documents Thomas submits that do not show on the court's copy that he has sent a copy to Abraham or to Abraham's attorney.

5. Thomas should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6. If Thomas moves while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and Abraham or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered October 6, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge