IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA THOMAS,

Plaintiff,

v.

MICHAEL ABRAHAM,

Defendant.

OPINION and ORDER

25-cv-346-jdp

---

Plaintiff Joshua Thomas, without counsel, asserts that an officer with the La Crosse Police Department, defendant Michael Abraham, arrested him without probable cause. The court has screened the case and allowed Thomas to proceed on a false-arrest claim. Dkt. 5.

Defendant Abraham moves to dismiss Thomas's complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 10. Abraham contends that the doctrine of issue preclusion bars Thomas's false-arrest claim because the state court already determined in a preliminary hearing that there was probable cause to arrest Thomas.

Whether issue preclusion applies is a matter of state law. *Agha v. Uber Techs., Inc.*, 148 F.4th 910, 914 (7th Cir. 2025); *see* 28 U.S.C. § 1738. The basic rule is that the challenged issue must have been actually litigated in the prior action, and resolving the issue must have been essential to the court's judgment. *Dostal v. Strand*, 2023 WI 6, ¶ 23, 405 Wis. 2d 572, 984 N.W.2d 382. Wisconsin courts also consider whether applying issue preclusion would be fundamentally fair given the circumstances of the case. *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶ 17, 281 Wis. 2d 448, 699 N.W.2d 54.

It is usually improper to dismiss a complaint on issue preclusion grounds because complaints do not need to anticipate affirmative defenses, *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*,

350 F.3d 623, 626 (7th Cir. 2003), and issue preclusion is an affirmative defense, Fed. R. Civ. P. 8(c).[1] Affirmative defenses are not well-suited for motions to dismiss because they "typically turn on facts not before the court at that stage in the proceedings." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Consequently, dismissing a case on affirmative defense grounds is appropriate "*only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016).

In his complaint, Thomas alleges that Abraham "did not check for or have any evidence" to arrest him. Dkt. 1, at 2. Thomas also alleges that "multiple witnesses" stated that he intervened to break up a fight between the alleged victim and her boyfriend. *Id.* at 3. It is reasonable to infer from these allegations that Abraham did not have evidence to arrest Thomas and did not investigate the incident. As I explained in my screening order, *see* Dkt. 5, at 3–4, Thomas's allegations suggest that Abraham arrested him in bad faith.

Abraham argues that Thomas's false-arrest claim is barred by issue preclusion because the state court in the underlying criminal case held a preliminary hearing and determined that Abraham had probable cause to arrest Thomas.[2] But a state court's probable-cause

---

[1] Issue preclusion is more properly raised in a motion for judgment on the pleadings under Rule 12(c) or a motion for summary judgment under Rule 56. *Mains v. Citibank, N.A.*, 852 F.3d 669, 678 (7th Cir. 2017).

[2] I generally cannot consider matters outside of the complaint on a motion to dismiss without treating the motion as one for summary judgment. Fed. R. Civ. P. 12(d). But there is an exception: I may take judicial notice of facts that are "not subject to reasonable dispute" because they come from "sources whose accuracy cannot reasonably be questioned," such as facts from state-court records. Fed. R. Evid. 201(b); *see Olson v. Champaign Cnty.*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015). Abraham attaches to his motion to dismiss a copy of the certified transcript of the state-court preliminary hearing, Dkt. 10, Ex. 2, which confirms that the state court found probable cause to believe that Thomas had committed a felony.

2

determination does not always preclude a plaintiff from revisiting the issue by bringing a false-arrest claim in federal court. A pair of Seventh Circuit cases guides the court's resolution of Abraham's argument.

In *Guenther v. Holmgreen*, the court of appeals held that the plaintiff's false-arrest claim was barred by issue preclusion because the plaintiff's counsel already litigated the sufficiency and integrity of the evidence supporting probable cause during the plaintiff's preliminary hearing. 738 F.2d 879, 884 (1984). The plaintiff's counsel attacked the sufficiency of the evidence by "attempting to show that the events [the officer] relied on to establish probable cause actually occurred after the arrest had taken place." *Id.* And the plaintiff's counsel attacked the integrity of the evidence by cross-examining the officer and by calling a witness to rebut the officer's version of the events. *Id.* Because the state court determined that the officer had probable cause to arrest the plaintiff after the plaintiff attacked the sufficiency and integrity of the evidence, the state court's probable-cause determination necessarily depended on its finding that the officer was telling the truth and acted in good faith. *Id.* at 885. So the existence of probable cause was fully litigated to resolution and issue preclusion applied.

In *Bailey v. Andrews*, the court of appeals held that the plaintiff's false-arrest claim was *not* barred by issue preclusion, even though the state court determined that the officer had probable cause to arrest the plaintiff. 811 F.2d 366, 370 (1987). The court reasoned that the preliminary hearing in *Bailey* was "designed to evaluate the sufficiency, but not the integrity, of the evidence against Bailey." *Id.* at 369. As a result, the issue underlying the plaintiff's false-arrest claim in federal court—whether the officer arrested the plaintiff in bad faith—was not the same issue that was litigated in the plaintiff's state-court preliminary hearing. *Id.* at 370.

So the existence of probable cause was not fully litigated to resolution and issue preclusion did not apply.

Whether Thomas's false-arrest claim is barred by issue preclusion is a close call. The state-court judge allowed Thomas to cross-examine Abraham and offered Thomas the opportunity to present witnesses to rebut Abraham's version of the events, *see* Dkt. 10, Ex. 2, at 9–20, which suggests that this case is akin to *Guenther* where probable cause was fully litigated. But in this case the state-court judge repeatedly told Thomas that credibility is "not an issue at a preliminary hearing," *e.g.*, *id.* at 10, which suggests that the integrity of the evidence was not actually litigated during Thomas's preliminary hearing, making this case more like *Bailey*.

On his motion to dismiss, it is Abraham's burden to show that the factual allegations in Thomas's complaint (and the facts subject to judicial notice) unambiguously establish that he is precluded from relitigating the issue of whether Abraham had probable cause to arrest him. Abraham has not shown that the issue of whether his arrest of Thomas was in bad faith was actually and fully litigated because the state court judge declined to consider the credibility of the testimony about probable cause. Thomas challenges the credibility of that testimony in this case, and the state court finding of probable cause does not preclude that challenge.

ORDER

IT IS ORDERED that: defendant Michael Abraham's motion to dismiss, Dkt. 10, is

DENIED.

Entered June 18, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge