IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA THOMAS,

Plaintiff,

v.

MICHAEL ABRAHAM,

Defendant.

OPINION and ORDER

25-cv-346-jdp

---

Plaintiff Joshua Thomas, representing himself, alleges that defendant Officer Michael Abraham of the La Crosse Police Department arrested him without probable cause after an incident between Thomas, Kiara Thompson, and her boyfriend. *See* Dkt. 1. This order addresses plaintiff's motion to compel defendant to supplement his answer to an interrogatory concerning the use of a thermal-imaging device in the investigation.[1] Dkt. 23. For the following reasons, the motion is DENIED.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

---

[1] The presiding judge will decide defendant's pending motion for summary judgment and plaintiff's pending motion for leave to file a sur-reply in opposition in a separate order. Dkt. 25 & Dkt. 39.

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The court must limit the frequency or extent of discovery otherwise allowed if it is unreasonably cumulative or duplicative, or if the burden or expense of the proposed discovery outweighs its likely benefit in the context of the case. Fed. R. Civ. P. 26(b)(2)(C).

## ANALYSIS

Plaintiff's motion concerns defendant's response to Interrogatory No. 24. Some brief background is necessary before discussing this discovery request. Defendant arrested plaintiff for strangulation based in part on Thompson's allegation that he choked her. Plaintiff alleges that defendant lacked probable cause for the arrest. In support, plaintiff seeks information about the responding officers' decision not to use thermal imaging to investigate Thompson's allegation. Plaintiff contends that officers had access to thermal imaging technology in the time leading up to the arrest, that there would have been enough time during the incident to use the technology, but that defendant intervened and prevented another officer from using it to gather evidence.

The parties dispute the value of thermal imaging in these circumstances and why it wasn't used. In response to plaintiff's discovery requests other than Interrogatory 24, defendant produced body worn camera footage of the arrest and investigation and confirmed a squad car equipped with thermal imaging technology was at the scene. Dkt. 32-6 at 1 & Dkt. 32-7 at 1. Defendant explains that, while there was no written policy expressly prohibiting this technology's use, his understanding at that time was that its use was not authorized by the police department in this context because of concerns regarding admissibility of the evidence.

Dkt. 32-6 at 3. Defendant admits that he stated to another officer at the scene, "I thought we weren't supposed to use that?" and that there was no discussion about its use with a supervisor or among the officers regarding who was trained in the use of the technology. *Id.* at 2–3.

With respect to Interrogatory No. 24 specifically, plaintiff initially asked defendant to:

> State with specificity each reason you prevented, prohibited, or otherwise interfered with the attempt by another officer to utilize advanced strangulation thermal technology (including, but not limited to, infrared or subdermal thermal imaging) while you were engaged in the interview of Kiara Thompson on May 26, 2024.

This interrogatory included four subparts specifying the information defendant was to include in his response. Dkt. 32-1 at 1–2. Defendant objected to the interrogatory as disproportionate, compound, and calling for speculation or information about which defendant lacked personal knowledge. *Id.* at 2. Still, defendant stated that he did not recall any discussion of the use of thermal imaging in relation to the investigation and deferred to the body camera video to the extent it documented a discussion or consideration of the use of the technology. *Id.* He continued that generally, law enforcement did not use that technology in this type of situation because its reliability had not been fully adjudicated, there was no use policy in place within the police department, and he was not trained on such devices. *Id.*

Unsatisfied, plaintiff emailed defense counsel a screenshot from the body camera video footage that corresponds to a brief interaction between defendant and another officer about the use of a thermal imaging device. Dkt. 32-2. The subject line of the email read, "For the Defendant's memory," suggesting that plaintiff was challenging defendant's response that he did not remember discussing thermal imaging during the investigation and arrest. Defendant declined to supplement his response, stating that the video evidence speaks for itself. Dkt. 32-3 at 1.

Plaintiff then sent defendant a "reformulated" Interrogatory No. 24, asking defendant to:

> State all facts regarding any statement, instruction, command, or communication you made to or received from any law enforcement office on May 26, 2024, concerning the potential, proposed, or actual use of thermal or infrared imaging equipment during or in connection with the investigation and interview of Kiara Thompson.

Dkt. 32-4 at 2. Defendant again declined to supplement further. Dkt. 32-5 at 1.

Plaintiff asks the court to order defendant to respond to the revised interrogatory, stating that he seeks "factual details regarding whether Defendant prevented or interfered with another officer's attempt to use thermal imaging equipment" and describing defendant's existing response as incomplete and evasive. Dkt. 23 at 1. He states that whether defendant made specific statements or gave instructions to forgo using thermal imaging "bears directly on whether Defendant's investigative choices were objectively reasonable or exhibited reckless indifference to exculpatory evidence." *Id.* at 2.

The court understands plaintiff's theory, but it will not order additional supplementation. Defendant has stated under oath that he does not recall any discussion from an investigation in 2024 about thermal imagining and defers to the body camera video that has been produced to plaintiff. That is a plausible response in light of the amount of time that has passed since the investigation and arrest. The court cannot compel the defendant to recall what he does not, and he has deferred to the video evidence, which is equally available for plaintiff's review and use in this case. *See* Fed. R. Civ. P. 33(d) (allowing a responding party to answer an interrogatory by specifying the records to review to ascertain an answer if the burden is substantially the same for either party).

Beyond this fundamental point, any further discovery on this issue is disproportionate to the needs of the case in light of the discovery already provided. Defendant has already admitted that: the technology was available at the scene and there was no department policy prohibiting its use; he lacked training on thermal imagining devices but did not consult with a supervisor; his understanding was that such technology was generally not to be used in the circumstances at issue here because of reliability and evidentiary concerns; and he stated to another officer, "I thought we weren't supposed to use that?" Plaintiff can press his argument with these admissions.

In sum, defendant has given his responses regarding the use of thermal imaging technology generally and in this case, and plaintiff may use the video and other record evidence to challenge those responses. Indeed, that is what plaintiff has done in opposition to defendant's motion for summary judgment. *See* Dkt. 34 at 1–3 (arguing that the video evidence shows defendant intervened in bad faith to prevent the use of potentially exculpatory thermal imaging). There is thus no basis nor need to order additional supplementation of defendant's discovery response to Interrogatory No. 24.

ORDER

IT IS ORDERED that plaintiff's motion to compel, Dkt. 23, is DENIED.

Entered November 24, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge